UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWARD JOHN HORN,

    Plaintiff,

v.                                                                Case No: 5:25-cv-54-JSS-PRL

SHERIFF BILLY WOODS,
CHAPLAIN WILLIAM OLIVER, and
LIEUTENANT JOHNSON,

    Defendants.
_____/

**<u>ORDER</u>**

Plaintiff, a pretrial detainee in the Marion County Jail proceeding in forma pauperis, has filed a pro se civil rights complaint. (Dkts. 1, 7.) He sues Sheriff Billy Woods, Chaplain William Oliver, and Lieutenant Johnson in their individual and official capacities through 42 U.S.C. § 1983 for violating his First Amendment right to the free exercise of religion. (Dkt. 1 at 2–3, 12.) He also alleges violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5; article I, section 3 of the Florida Constitution; and section 761.03 of the Florida Statutes. (Dkt. 1 at 12.) As required by law, the court screens Plaintiff's complaint. *See* 28 U.S.C. § 1915A (requiring the court to screen a complaint in "a civil action in which a [pretrial detainee] seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss the complaint if it "is frivolous [or] malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a complaint in an in forma pauperis proceeding

under the same circumstances). For the reasons outlined below, the court dismisses the complaint without prejudice and permits Plaintiff to file an amended complaint.

## BACKGROUND

Plaintiff alleges that he asked to celebrate the Jewish holiday of Passover in 2024 by eating a meal that was kosher for Passover, as opposed to merely kosher, and despite Chaplain Oliver's approval of his request, Plaintiff did not receive an appropriate meal. (Dkt. 1 at 13.) Plaintiff explains that the meal contained leavened bread, as well as matzoth and macaroons that had been covered in plastic wrap in the jail's non-kosher kitchen. (*Id.*) Plaintiff states that when he saw that his meal was not kosher for Passover, he asked to speak to Lieutenant Johnson, who oversaw the kitchen. (*Id.* at 12–13.) Allegedly, both Chaplain Oliver and Lieutenant Johnson came to speak with Plaintiff, and Plaintiff explained to them that his meal was not kosher for Passover. (*Id.* at 13.) According to Plaintiff, Lieutenant Johnson then stated that Plaintiff received the meal the jail provides and that the jail would not change its procedure. (*Id.*) Plaintiff reportedly requested to speak with a sergeant to file a grievance, but no one responded. (*Id.* at 13–14.)

## APPLICABLE STANDARDS

Although the court "give[s] liberal construction" to pro se filings, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), the leniency afforded to pro se plaintiffs "does not give [the] court license to serve as de facto counsel for [them] or to rewrite an otherwise deficient pleading . . . to sustain an action," *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (emphasis and citations omitted),

*overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Moreover, pro se plaintiffs are still "required . . . to conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).  Two such procedural rules—Federal Rules of Civil Procedure 8(a)(2) and 10(b)—are relevant here.

Rule 8(a)(2) provides that to state a claim upon which relief may be granted, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy Rule 8(a)(2), the factual allegations in the complaint must "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even a pro se complaint "must allege factual allegations that 'raise a right to relief above the speculative level.'"  *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (quoting *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014)).  In analyzing the complaint, the court "disregard[s] allegations that are merely legal conclusions."  *Wilke v. Troy Reg'l Med. Ctr.*, 852 F. App'x 389, 392 (11th Cir. 2021).

Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  To "promote clarity," Rule 10(b) also requires

the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## ANALYSIS

Plaintiff fails to separate his complaint into counts, fails to identify which claims are brought against which Defendants, and generally fails to clarify which facts support which claim. (*See* Dkt. 1.) Consequently, the court dismisses the complaint without prejudice as a shotgun pleading and allows Plaintiff to file an amended complaint to correct the pleading deficiencies. *See Weiland*, 792 F.3d at 1321–23 (identifying as shotgun pleadings complaints that fail to "separat[e] into a different count each cause of action or claim for relief" and that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[] or which of the defendants the claim is brought against"); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a court has the inherent power to dismiss a complaint as a shotgun pleading but must permit the plaintiff one chance to remedy the pleading deficiencies).

Plaintiff is further advised that claims brought against officials in their official capacities are claims against the entity that employs the officials. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky v. Graham*, 473 U.S. 159,

165 (1985)). Thus, only one official should be sued in his or her official capacity. *See Busby*, 931 F.2d at 776 ("To keep both the [c]ity and the officers sued in their official capacit[ies] as defendants in this case would have been redundant and possibly confusing to the jury."). To bring an official capacity claim, Plaintiff must identify a policy or custom that caused the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As a rule, a single incident does not amount to a custom. *See Church v. City of Huntsville*, 30 F.3d 1332, 1345–47 (11th Cir. 1994).

## CONCLUSION

Accordingly:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice**.

2. On or before July 25, 2025, Plaintiff may file an amended complaint on the standard civil rights complaint form.

    a. To amend his complaint, Plaintiff should place the case number in this action on a blank civil rights complaint form and mark the form "Amended Complaint."

    b. The amended complaint must be rewritten in its entirety on the form, must contain all claims for relief, and must not refer to or incorporate the initial complaint because the amended complaint will supersede the initial complaint.

3. If Plaintiff fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir.

2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time. . . . And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint." (quotation omitted)).

4. Plaintiff must advise the court of any change of address.  <u>The failure to comply with this order will result in the dismissal of this case without further notice.</u>

5. The Clerk is **DIRECTED** to send Plaintiff a standard prisoner civil rights complaint form.

**ORDERED** in Orlando, Florida, on June 24, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties